Case 7:23-cv-00042   Document 16   Filed on 10/01/24 in TXSD   Page 1 of 5

United States District Court
Southern District of Texas
**ENTERED**
October 01, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| VERONICA VELA, | § |
| | § |
| Petitioner, | § |
| | § CIVIL ACTION NO. 7:23-cv-042 |
| VS. | § |
| | § CRIM. ACTION NO. 7:15-cr-760-1 |
| UNITED STATES OF AMERICA, | § |
| | § |
| Respondent. | § |

# ORDER

The Court now considers Veronica Vela's "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody."[1] After careful consideration of Vela's motion, the facts of this case, and the relevant law, the Court **DISMISSES** Vela's motion.

## I.  BACKGROUND

Veronica Vela ("Vela") pleaded guilty in 2016 to conspiracy to commit healthcare fraud. After the Court granted Vela's numerous requests for continuance, the Court sentenced Vela to 87 months in custody followed by three years of supervised release.[2] The Court further ordered restitution in the amount of $3,505,886.25.[3] Vela appealed this Court's judgment, which was affirmed by the Fifth Circuit.[4]

---

[1] Dkt. No. 1 (Docket entry references are to the civil action, unless otherwise noted).
[2] 7:15-cr-760-1, Dkt. No. 227.
[3] *Id.* at 3.
[4] 7:15-cr-760-1, Dkt. No. 267.

**II.     DISCUSSION**

    **a.  Legal Standard for §2255 Motions Generally**

"Relief under 28 U.S.C.A. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice."[5] Generally, § 2255 claims fall under four categories: (1) challenges to the constitutionality or legality of a sentence; (2) challenges to the district court's jurisdiction to impose the sentence; (3) challenges to the length of a sentence in excess of the statutory maximum; and (4) claims that the sentence is otherwise subject to collateral attack.[6] After conducting an initial examination of the motion, the Court must dismiss if "it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief."[7]

    **b.  Analysis**

Vela asserts the following grounds for relief in her § 2255 motion: (1) ineffective assistance of counsel at sentencing;[8] (2) erroneous denial of request for continuance at sentencing;[9] and (3) a challenge to the District Court's loss amount finding and restitution calculation which enhanced her sentencing guideline by 18 levels.[10] The Court will address each argument in turn.

    *1.  Ineffective Assistance of Counsel at Sentencing*

Vela first asserts ineffective assistance of counsel at sentencing.[11] Ineffective assistance of counsel is a violation of the Sixth Amendment right to counsel, a claim of constitutional proportion permitted under 28 U.S.C. § 2255. Under the pertinent two-prong test, Vela must show (1) that

---

[5] *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992) (per curiam) (citation omitted).
[6] 28 U.S.C. § 2255(a); *see United States v. Seyfert*, 67 F.3d 544, 546 (5th Cir. 1995).
[7] 28 U.S.C. § 2255, PROC. R. 4(b).
[8] Dkt. No. 1 at 4.
[9] *Id*. at 5.
[10] *Id.* at 8.
[11] *Id.* at 4.

counsel's performance fell below an objective standard of reasonableness, and (2) that Vela suffered prejudice as a result.[12] In assessing whether counsel was constitutionally deficient, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance."[13] To establish deficient performance, a defendant must "show that counsel's representation fell below an objective standard of reasonableness."[14] "The question is whether an attorney's representation amounted to incompetence under 'prevailing professional norms,' not whether it deviated from best practices or most common custom."[15] Additionally, petitioner must "affirmatively prove"[16] prejudice. In order to prove prejudice, petitioner must show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."[17]

Vela asserts that when the Court was considering the final motion for continuance at sentencing, the Court asked Attorney Ricardo Montalovo "if there was anything different to add for continuance and there was. Attorney failed to let Judge know that we had a private investigator in our family and we wanted him to find the accountant."[18]

Vela's assertions lack enough evidence to consider Mr. Montalvo's conduct as falling below an objective standard of reasonableness. However, even if Vela were able to prove that Mr. Montalvo's performance fell below an objective standard of reasonableness, she certainly cannot prove that notifying the Court of the private investigator would have changed the outcome of the Court's decision to deny the motion for continuance. Mr. Montalvo did urge the continuance to the Court for the purpose of locating the accountant. But the Court based its denial strongly on the

---

[12] *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984).
[13] *Id.* at 689.
[14] *Id.* at 688.
[15] *Premo v. Moore*, 562 U.S. 115, 122 (2011).
[16] *Strickland* at 693
[17] *Id.* at 694.
[18] Dkt. No. 1 at 6.

fact that the case had been pending since 2015 and had "been reset too many times at Defendant's request."[19] That fact would not have changed had the Court been informed by Mr. Montalvo of the existence of the private investigator. Accordingly, the ineffective assistance of counsel basis fails.

### 2. Erroneous Denial of Continuance Request at Sentencing

Vela's second ground for relief alleges that this Court erred by denying her the continuance at sentencing.[20] Vela challenged this Court's denial of a further continuance of her sentencing date in her direct appeal and the Fifth Circuit rejected the argument.[21] As previously mentioned, "[r]elief under 28 U.S.C.A. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice."[22] Because the issue was raised on direct appeal and squarely rejected by the Fifth Circuit, the Court may not consider Vela's argument.

### 3. Erroneous Calculation Loss Amount and Restitution Calculation

Finally, Vela "challeng[es] the district court's loss amount finding [and the] restitution calculations, which were based on that finding."[23] This argument could have been raised on direct appeal but was not. In fact, in its opinion of the appeal in this matter, the Fifth Circuit stated that

> Vela briefs no argument challenging the district court's loss amount finding, nor does she challenge the offense level or restitution calculations which were based on that finding, and she has therefore abandoned any such challenge.[24]

"Even if a defendant alleges a constitutional error, [s]he may not raise an issue for the first time on collateral review without showing both cause for h[er] procedural default and actual

---

[19] Dkt. No. 215.
[20] Dkt. No. 1 at 2.
[21] 7:15-cr-760, Dkt. No. 267.
[22] *Vaughn*, 955 F.2d at 368 (citation omitted).
[23] Dkt. No. 268 at 8.
[24] 7:15-cr-760-1, Dkt. No. 267 at 2, n.1 (citing *United States v. Scroggins*, 599 F.3d 433, 446-47 (5th Cir. 2010); *Beasley v. McCotter*, 798 F.2d 116, 118 (5th Cir. 1986) (per curiam)).

prejudice resulting from the error."[25] Vela's conclusory claims fail to show cause for her failure to raise the issues on appeal. Therefore, the Court may not consider the argument.

### III. CONCLUSION

Based on the foregoing, Veronica Vela's motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 is hereby **DENIED**. Petitioner is **DENIED** a certificate of appealability, and this action is hereby **DISMISSED**.

IT IS SO ORDERED.

DONE at McAllen, Texas, this 1st of October, 2024.

_____
Micaela Alvarez
Senior United States District Judge

---

[25] *Polk v. United States*, No. CR H-17-007-2, 2024 WL 3744382 (S.D. Tex. Aug. 8, 2024) (J. Hittner) (internal citations omitted).